## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: SCRAP METAL | : | **CASE No. 1:02cv0844** |
| ANTITRUST LITIGATION | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| | : | |
| | : | **ORDER** |
| | : | |

This matter arises on two motions.  The first is the *Motion of Defendants Columbia National Group, Inc. and Columbia Iron and Metal Co. to Preclude Trial Testimony by Dr. Jeffery J. Leitzinger* ("Columbia Defendants' *Daubert* Motion") (Doc. 454), in which Defendants Columbia National Group, Inc. and Columbia Iron and Metal Co. ("Columbia Defendants") seek to exclude the trial testimony of Plaintiffs' expert, Dr. Jeffery J. Leitzinger.  The second, and less expansive as far as the briefing is concerned, is Plaintiffs' motion to exclude the affidavit and testimony of Dr. Aaron Tenenbein, one of the Columbia Defendants' experts.  Plaintiffs made this motion at the end of their opposition brief (Doc. 465).  In sum, Plaintiffs seek to exclude Dr. Tenenbein's testimony in two respects:  (1) they seek to have stricken from the record his affidavit in support of the Columbia Defendants' *Daubert* Motion; and (2) they seek to preclude Dr. Tenenbein from testifying at trial.

The issues relevant to both of these motions have been briefed extensively.  Having determined that these matters could be resolved on the filings alone, the Court did not conduct a hearing.  Based on the Court's substantial consideration of the parties briefs and, most importantly, the underlying data and reports upon which the parties' arguments are based, the Court is prepared to resolve these pending items.

I.    **The Columbia Defendants' *Daubert* Motion.**

For reasons that will be articulated more fully by the Court at the Final Pretrial Conference, the *Motion of Defendants Columbia National Group, Inc. and Columbia Iron and Metal Co. to Preclude Trail Testimony by Dr. Jeffery J. Leitzinger* (Doc. 454) is **DENIED**.[1]  Dr. Jeffery J. Leitzinger is permitted to testify at trial.

The Court spent a substantial amount of time and effort reviewing the parties' voluminous filings relative to the admissibility – or inadmissibility – of Dr. Leitzinger's testimony pursuant to the applicable standards set forth in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (6th 1993).  Despite the Columbia Defendants' many well-supported attacks on the underlying data employed and assumptions made by Dr. Leitzinger in reaching his assumed damage calculation, the Court finds that those attacks are best reserved for cross-examination and do not, in this case, rise to a level warranting exclusion under *Daubert*.

Clearly, there is substantial room for debate as to whether the data set employed by Dr. Leitzinger, premised on a sampling of transactions from settling defendants, is sufficient to generate an accurate assumed damage calculation.  There is also substantial bases upon which to criticize certain assumptions Dr. Leitzinger made when employing that data, including his decision to use the Scrap Price Bulletin ("SPB") and the manner in which he addressed certain significant adjustments to that index's figures.  Ultimately, however, the Court concludes that Dr. Leitzinger has provided reasoned explanations for the assumptions that he made and has, at least at his stage, presented viable arguments

---

[1]    Of course, should additional evidence or insight come to light throughout the course of the trial that alters the Court's view on this matter, the Court reserves the right accordingly to enter judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50.

to support his data set choices.  Whether those explanations will withstand rigorous cross-examination, or challenges based on alternative assumptions or data choices, is not the issue now before the Court. The Court concludes that Dr. Leitzinger's opinions satisfy the *Daubert* standard and that the Columbia Defendants' criticisms of those opinions simply are appropriate fodder for cross-examination.

Having examined this issue in such great detail, moreover, the Court also concludes that Dr. Leitzinger's opinions suffice to create a material issue of fact on the question of market injury and damages, so as to prohibit judgment as a matter of law in Defendants favor on those issues.

## II.    **Plaintiffs' Motion to Exclude the Affidavit and Testimony of Dr. Aaron Tenenbein.**

Plaintiffs' motion (asserted within their opposition brief – Doc. 465) is **GRANTED in part** and **DENIED in part**.  The portion of Plaintiffs' motion seeking to have Dr. Tenenbein's affidavit stricken from Defendants' *Daubert* Motion is **DENIED**.  Though Plaintiffs' arguments against the affidavit are strong, the Court finds no authority in the Federal Rules of Civil Procedure to strike the affidavit.[2] Plaintiffs' arguments go to the weight, if any, the Court should afford the affidavit, and not to the Court's ability to strike it from the record.  The Court has, therefore, considered the affidavit only for what it is worth.  Conversely, and for the reasons outlined by Plaintiffs in their opposition brief (where the motion is asserted), the portion of Plaintiffs' motion seeking to preclude Dr. Tenenbein from

---

[2]     While some courts have employed Rule 12(f) to strike an affidavit, or portions thereof, *McLaughlin v.  Copeland,* 435 F. Supp. 513 (D.C. Md. 1977), there is no basis in the Federal Rules for doing so.  In fact, a recent decision in this district, affirmed by the Sixth Circuit Court of Appeals, refused to employ Rule 12(f) to strike an affidavit because "the rule relates only to pleadings and is inapplicable to other filings." *Dawson v. City of Kent,* 682 F. Supp. 920 (N.D. Ohio 1988), *affirmed*, 865 F.2d 257 (6th Cir. 1988).

3

testifying at trial is **GRANTED**.[3]

## III.  **Dispositive Motions Briefing Schedule and New Trial Date.**

The Court's September 20, 2005 non-document order extending the deadline for filing of summary judgment motions to 30-days after the Court's ruling on the Defendants' *Daubert* Motion is hereby **VACATED**.  As noted, the Court has determined that issues of fact remain as to the issues of market injury and damages.  Given the status of these proceedings and the parallel criminal proceedings, moreover, there is little question that a material issue of fact exists as to the fact of a conspiracy.  The Court finds, accordingly, that a compressed dispositive motions briefing schedule, to the extent the parties feel justified in filing any such motions, is appropriate and does not prejudice the parties.  Accordingly, the following schedule shall govern the filing and briefing of any summary judgment motions:

- •  Summary Judgment Motions shall be filed **on or before December 9, 2005**.

- •  Opposition Briefs shall be filed **by no later than January 2, 2006**.

---

[3]  In their Reply Brief (Doc. 468), Defendants respond that the portion of Plaintiffs' motion seeking to preclude Dr. Tenenbein from testifying is misplaced because he is not being offered to testify at trial.  In that regard, the Columbia Defendants seemingly concede this aspect of the Plaintiffs' motion.

On the whole, Plaintiffs' objection to Dr. Tenenbein's testimony, in any form, is justified.  Though an extensive analysis on this point is unnecessary in light of the Court's ultimate ruling, the Court does not believe, despite certain language in the Rule that might support such a limitation, that Rule 26's disclosure requirement with regard to "testifying" experts was intended to apply only to those experts who actually take the stand <u>at trial</u>.  The rule's protection of consulting experts' opinions assumes that those opinions merely will inform a party's position and not affirmatively be used, even if only by affidavit, to rebut an opposing expert's view.  The mere fact that he will not testify <u>at trial</u> does not make Dr. Tenenbein purely a consulting expert, especially in light of the fact Defendants have proffered his testimony in support of their *Daubert* motion.  In such circumstances, the need for disclosure is just as compelling.

4

- Unless otherwise directed by the Court, **there shall be no Reply Briefs**.  The Court hereby grants all parties leave to exceed the page limitations set forth in Local Rule 7.1 – **all briefs shall not exceed 45 pages**

The **TRIAL of this matter is moved from January 9, 2006 (its currently scheduled date) to JANUARY 17, 2006 at 9:15 a.m.  The FINAL PRE-TRIAL is moved to JANUARY 13, 2006 at 1:30 p.m.**  All other aspects of the current Trial Order (Doc. 453) remain in force.  All items within the Trial Order that are contingent upon the pre-trial and trial dates shall be recalculated using the new dates set forth above.  The Court has set aside three (3) weeks for the trial of this matter.  The parties are expected to adjust their presentations of proofs accordingly.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated:  November 15, 2005**

5