UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: SCRAP METAL | : | CASE No. 1:02cv0844 |
| ANTITRUST LITIGATION | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| | : | |
| | : | |
| | : | **ORDER** |
| | : | |

      This matter arises on *Class Plaintiffs' Motion in Limine to Preclude Testimony of Witnesses Never Identified in Rule 26 Disclosures or in Discovery and Incorporated Memorandum of Law* (Doc. 529), in which Plaintiffs request that the Court exclude the testimony of seven defense witnesses – one witness proffered by DeMilta Iron and Metal ("DeMilta") and six witnesses proffered by the Columbia Defendants. This order pertains only to the six witnesses proffered by the Columbia Defendants. The Court will address the portion of Plaintiffs' motion directed to DeMilta's witness at the Final Pre-Trial, if not before.

      In sum, and as pointed out by the Plaintiffs in their filings and unfiled correspondence to the Court, the Columbia Defendants attitude with regard to its disclosure obligations has been, at best, stingy. Even in the presence of specific requests for information from the Court, sought to illuminate the issues presented and assist the Court toward their resolution, the Columbia Defendants have failed to provide relevant information.

Plaintiffs seek to exclude the testimony of Phillip Calabrese, Denise Herr, Christopher Jochum, Maria Granger Malta, Carey May and Donald Messinger. As to the first five individuals, Plaintiffs argue that the Columbia Defendants failed to disclose the individuals in their Rule 26 disclosures. As to Donald Messinger, Plaintiffs likewise argue that the Columbia Defendants failed to disclose him in their in Rule 26 disclosures, <u>and also that ethical considerations potentially bar Messinger's testimony</u> because he is a partner in the law firm that currently represents the Columbia Defendants in this case. In that regard, Plaintiffs recently filed a motion to disqualify (Doc. 560).

The Columbia Defendants respond (without any real explanation) that, as to the first five individuals, their testimony is proffered for "impeachment" purposes only. As such, the Columbia Defendants argue that disclosure of those individuals was not required under Rule 26.

As to Messinger, the Columbia Defendants argue that the need for his testimony was not readily apparent in the early stages of the litigation, such that he was not formally identified in a Rule 26 disclosure. Regardless, they argue that his identity alternatively was disclosed when he was identified in connection with a relevant business transaction during a deposition. Though they do not respond to the ethical issue in their opposition brief, the Colombia Defendants have expressed, both during an on-the-record telephone conference with all parties and the Court as well as in various letters to the Court following that conference, their belief that Messinger should be permitted to testify pursuant to the various exceptions to the relevant ethical provisions at issue.

Unfortunately, the Court is unable to render an informed decision as to the admissibility (and extent of admissibility) of each of these six witnesses' testimony in the absence of specific knowledge of the substance of their proposed testimony; which, at least with regard to Messinger, previously was requested by the Court.

As to the testimony of Phillip Calabrese, Denise Herr, Christopher Jochum, Maria Granger Malta, and Carey May, the Columbia Defendants argue that these witnesses' testimony is being offered for impeachment purposes only, thereby obviating any Rule 26 disclosure obligation.  While the Court agrees that Rule 26 contains an "impeachment" exception, it notes that impeachment, as contemplated by that rule, is not the same as mere "disagreement" with an opponent's anticipated evidence.  Rather, Rule 26's definition of "impeachment" is much narrower and, to be invoked by the Court, necessarily requires a complete understanding of the substance of a witness's anticipated testimony.  Only in conjunction with the substance of a witness's proposed testimony, and the anticipated testimony sought to be impeached thereby, can the Court make the determination that such testimony falls within Rule 26's impeachment exception.  Accordingly, as to Phillip Calabrese, Denise Herr, Christopher Jochum, Maria Granger Malta, and Carey May, **and no later than 12:00 p.m. on January 13, 2006**, the Columbia Defendants shall file summaries – in narrative form – of the substance of each of these individuals' testimony.

With regard to the ethical issues surrounding Donald Messinger's testimony, as noted previously, the parties and the Court discussed at length those issues.  Among other things, the Court instructed counsel for the Columbia Defendants to provide the Court, in letter form, a narrative of the substance of Messinger's testimony such that the Court independently can analyze the ethical issue.  Though the Columbia Defendants provided the Court with a letter relative to Messinger's testimony – which resulted in a series of letters to the Court from Plaintiffs and the Columbia Defendants – that letter (1) appeared to be more a preface to the Columbia Defendants' opposition to the Plaintiffs' motion in *limine*, and (2) did not contain a narrative summary of the substance of Messinger's testimony.  Nor did the Columbia Defendants' actual opposition brief contain a narrative summary of the substance of Messinger's

testimony – or summaries of the substance of any of the other witnesses' testimony, for that matter. In light of the Columbia Defendants' waiver of any privilege surrounding Messinger's testimony, there simply is no basis for objecting to, or otherwise ignoring, the Court's request for a substantive narrative summary.

Accordingly, **and no later than 12:00 p.m. on January 13, 2006**, the Columbia Defendants shall file summaries – in narrative form – of the substance of Messinger's anticipated testimony.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: January 12, 2006**