**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: SCRAP METAL | : | **CASE No. 1:02cv0844** |
| ANTITRUST LITIGATION | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| | : | |
| | : | **ORDER** |
| | : | |

The Court conducted a final pre-trial in this matter on January 16, 2006.  At that on-the-record hearing the Court ruled on a variety of pending motions and addressed various other substantive and procedural issues in anticipation of the upcoming trial.  This Order briefly memorializes the Court's oral rulings.  Though the Court explains in part certain of its rulings in this Order, the parties are directed to the transcript of the January 16, 2006 hearing for the Court's more detailed discussion and instruction in connection with these matters.

**Summary Judgment**

- *Columbia Defendants' Motion for Summary Judgment* (Doc. 489) is **DENIED**.

- *Defendant DeMilta Iron and Metal's Motion for Summary Judgment* (Doc. 488 – filed under seal) is **DENIED**.

**DeMilta Defendant's Motions**

- *Motion in Limine to Exclude Out of Court Statements of Alleged Coconspirators* (Doc. 512) is **DENIED**.

- *Motion in Limine to Exclude Testimony of Certain Fact Witnesses* (Doc. 516) is **DENIED**.

**Columbia Defendants' Motions**

- *Motion in Limine to Exclude Evidence of Prior Bad Acts Pursuant to 404(b)* (Doc. 520) is **DENIED as moot**.

- *Motion in Limine to Exclude Hearsay Statements of Purported Coconspirators* (Doc. 521) is **DENIED**.

- *Motion in Limine to Exclude Testimony of Certain Fact Witnesses* (Doc. 522) has been **WITHDRAWN** (Doc. 543) and, as such, **is TERMED as moot**.

**Class Plaintiffs' Motions**

- *Motion in Limine to Preclude Reference to Trebling Provision of Clayton Act* (Doc. 508) is **GRANTED**.

- *Motion in Limine to Preclude Defendants from Offering "Evidence" or Argument concerning the Lack of Criminal Charges Against Them* (Doc. 517) is **GRANTED in part and DENIED in part**.

  - Defendants are not permitted initially to argue, or otherwise mention, that they were <u>not</u> prosecuted criminally for alleged antitrust violations.  Upon request by the Defendants *after* the Plaintiffs' presentation of proofs, however, such argument *may* be permitted if the Court determines that fairness so requires.

2

- *Motion in Limine to Preclude Improper Character Attacks* (Doc. 523) is **DENIED as premature**.  As noted at the final pre-trial, and based on the development of the evidence, the Court will determine at trial the extent to which character evidence may be elicited.

- *Motion in Limine to Preclude Testimony of Witnesses Never Identified in R. 26 Disclosures or in Discovery* (Doc. 529) is **DENIED in part and GRANTED in part.**

  - As to DeMilta's witness, CHRIS JEKUTIS, Plaintiffs' motion is DENIED.  The Court, however, leaves open the question of whether the March 2004 letter submitted to the Court, which identified certain individuals with knowledge of Demilta's operations, might be available for purposes of cross-examination or impeachment of Mr. Jekutis as a statement made by an agent of the corporation.  A determination on that issue, however, hinges on the nature of Mr. Jekutis testimony.

  - As to the Columbia Defendants' witnesses, PHILLIP CALABRESE, DENISE HERR, CHRISTOPHER JOCHUM, MARIA GRANGER MALTA, CAREY MAY and DONALD MESSINGER, Plaintiffs' motion is DENIED in part and GRANTED in part.

    - As to the first five witnesses, Plaintiffs' motion is DENIED to the extent it is based on a failure to disclose these witnesses.  In light of these witnesses' anticipated testimony, the Court reserves for later determination the question of whether their testimony is admissible under the evidentiary rules pertaining to character evidence.  As outlined by the

3

Court at the final pre-trial, the Court will conduct further inquiry into the substance of these witnesses' testimony during the course of the trial.

- As to Donald Messinger, Plaintiffs' motion is <u>GRANTED</u>.
- Class Plaintiffs' Motion to Disqualify Counsel (for Columbia Defendants)(Doc. 560) is **DENIED as moot**.

## Related Motions In *Limine*

Each of the following motions address a common issue – with minor variations as to each affected witness – to which the Court provided a uniform ruling at the final pre-trial. In sum, these motions actually contain two independent prongs: (1) a request that the Court exclude substantive testimony of any witness (identified in the titles of the motions below) who has asserted his or her Fifth Amendment rights during discovery; and (2) a request that the Court prohibit an inference from being drawn from the fact that these individuals asserted their Fifth Amendment rights in the past, and a request to either prohibit them from taking the stand and asserting their Fifth Amendment rights in the first place – so as to avoid any inference – or instruct the jury that no inference may be drawn against the Defendants in this case.

As to the first prong, the Court ruled that, to the extent a current party or party representative asserted the Fifth Amendment, and thereby resisted discovery, that party or party representative will be prohibited from providing substantive testimony at trial. To the extent, however, a witness who asserted the Fifth Amendment during discovery has later been relieved of any threat of prosecution (by virtue of an entry of a guilty plea, or otherwise) and, thus, no longer has any legitimate basis to assert the Fifth Amendment in lieu of testimony, the Court may allow substantive testimony from such a witness. The Court will make a determination with respect to any such testimony on a case-by-case basis.

4

As to the second prong, based on the information available to it now, the Court will permit the witnesses to testify and, to the extent they seek to and may properly invoke the Fifth Amendment, permit the invocation of the privilege.  The Court will determine, based on the record developed at trial, whether, and to what extent, any evidentiary inferences may be drawn from any particular invocation of the privilege.

- *Motion in Limine to Exclude Testimony of Michael and Stuart Simms* (Doc. 513) is **conditionally DENIED**.

- *Motion in Limine to Exclude Testimony of Jack Weingold, Loren Margolis and Marc Weingold* (Doc. 514) is **conditionally DENIED**.

- *Motion in Limine to Exclude Testimony of Frank DeMilta and Ron Vaughn* (Doc. 515) is **conditionally DENIED**.

- *Motion in Limine to Exclude Evidence of Assertions of 5th Amendment* (Doc. 519) is **conditionally DENIED**.

**Additional Issues**

- In light of DeMilta's drastically deficient exhibit list (Doc. 498), DeMilta's use of exhibits at trial is hereby **LIMITED** to those exhibits identified by Class Plaintiffs and the Columbia Defendants in their respective exhibit lists (Docs. 501 and 503).  Only upon a showing of good cause at trial (*e.g.*, extreme surprise), and then only on a document-by-document basis, shall DeMilta be permitted to use exhibits outside those specifically identified by Class Plaintiffs and the Columbia Defendants.

- In the interests of efficiency, the Court shall permit *curriculum vitae* of each party's expert to be admitted into evidence.  As a result, however, each party's examination as

to the background of its expert **SHALL BE LIMITED** to only a few questions.

•  Counsel for the Columbia Defendants **SHALL REVIEW** their firm's files to determine whether additional materials exist – in addition to Mr. Messinger's handwritten note and the limited billing records that already have been disclosed – relating to a joint venture between the Columbia Defendants and any of the other competitors in the scrap metal industry, or individuals related to those competitors or involved with those competitors (such as Mrs. Bahm).  Counsel also shall determine whether any other materials exist that relate to, or describe, discussions with any of those competitors or individuals.  To the extent such materials exist, subject only to the procedure outlined below, counsel shall produce such materials to Plaintiffs.  If counsel believes that, despite the privilege waiver that has already occurred and been acknowledged by the Court, there is some privilege that still applies, counsel may submit the materials to the Court first *in camera* with a description of the purported privilege and its scope.  Any such assertion shall be well-supported and not used to delay production of such materials.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated:  January 20, 2006**

6